UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAROLINA RUIZ NINAHUANCA BARRINGER, | Case No. 16-CV-3006 (SRN/LIB) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| CODY JACOB BARRINGER, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Carolina Ruiz Ninahuanca Barringer's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Barringer's IFP application be denied and that this action be dismissed.

Plaintiff did not pay the filing fee for this lawsuit, but instead applied for *in forma pauperis* ("IFP") status. *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter. Plaintiff brings this action against her husband; the parties are currently seeking a divorce. Although the contours of Barringer's claims are not entirely clear from the documents she has submitted,[1] it appears that she intends through this

---

[1] In general, Barringer's submissions are very hard to follow; the documents are written partly in Spanish, and the sections written in English are disjointed and vague. This Court has done its best to piece together Barringer's allegations from the documents she has submitted to the Court.

action to contest the result of child-custody proceedings in state court. But "[t]he domestic relations exception, first articulated in *Barber v. Barber*, [62 U.S. (1 How.) 582, 584 (1859)], divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). "It is well-settled that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Valentine v. Thomas*, No. 8:18CV249, 2016 WL 3264240, at *1 (D. Neb. June 14, 2016) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). This is simply not the correct venue for Barringer to litigate the appropriateness of state-court determinations regarding child custody.

Even if this Court did not lack jurisdiction on account of the domestic-relations exception, it would recommend abstaining based on the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "[T]he Supreme Court [has] identified several factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). By all appearances, *see* Docket No. 5, the custody proceedings challenged by Barringer remain ongoing in state court. The domestic-relations interests implicated by those proceedings are of substantial importance to the State of Minnesota. And, to the extent that Barringer is raising constitutional challenges to those proceedings at all, there is no reason to believe that the state judicial system will fail to provide her with an adequate opportunity to raise those challenges. Whether examined through the prism of the

domestic-relations exception or *Younger*, this Court lacks jurisdiction over the present action, and it should be dismissed without prejudice.[2]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. Plaintiff Carolina Ruiz Ninahuanca Barringer's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED AS MOOT**; and

3. Barringer's motion for a hearing date, [Docket No. 4], be **DENIED AS MOOT**.

Dated: October 11, 2016          s/Leo I. Brisbois
                                  Leo I. Brisbois
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

---

[2]Barringer also suggests that the state courts have acted improperly by placing her under civil guardianship and (perhaps) alleges that her appointed guardian has acted inappropriately. The Complaint, however, names only her husband as a defendant. Even if Barringer's allegations are true, and even if her Complaint could be understood to raise a viable cause of action over which this Court might have jurisdiction, this misconduct does not relate to the sole individual named as a defendant to this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.