**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Carolina Ruiz Ninahuanca Barringer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Cody Jacob Barringer,<br><br>　　　　　Defendant. | Case No. 16-cv-3006 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Carolina R. Ninahuanca Barringer, 740 East Seventeenth Street, Minneapolis, Minnesota 55402, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Carolina Ruiz Ninahuanca Barringer's Objections [Doc. No. 8] to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated October 11, 2016 [Doc. No. 7].  The magistrate judge recommended that Barringer's application for leave to proceed *in forma pauperis* [Doc. No. 2] be denied as moot—and the action be dismissed—on the basis that this Court lacks subject matter jurisdiction over the Complaint.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court overrules Barringer's objections and adopts the R&R in its entirety.

## II. DISCUSSION

The factual and legal underpinnings of Barringer's claim are difficult to discern on the face of her filings.[1] It appears clear, however, that at bottom Barringer seeks to contest the result of certain state court child-custody proceedings. (*See generally* Compl. [Doc. No. 1], Suppl.; Pl.'s Letter to Mag. J. [Doc. No. 3].) As the magistrate judge properly recognized, however, there exists a long-established exception to the broad scope of diversity jurisdiction for domestic relations cases. Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. (1 How.) 582 (1859), federal courts have abstained from exercising jurisdiction "over any action for which the subject is a divorce, allowance of alimony, or child custody." *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013) (quoting *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994)). Because Barringer's claim apparently falls squarely within this exception, this Court is simply not the proper tribunal to entertain this action, and nothing in Barringer's objections to the R&R persuade the Court otherwise. Accordingly, the Court agrees with the magistrate judge's conclusion that the Complaint must be dismissed for want of jurisdiction.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

---

[1] As Magistrate Judge Brisbois noted in the R&R, "Barringer's submissions are very hard to follow; the documents are written partly in Spanish, and the sections written in English are disjointed and vague."

**HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's October 11, 2016 Report and Recommendation [Doc. No. 8] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 7];

3. This action is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

4. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED** as moot; and

5. Plaintiff's Motion for an Early Hearing [Doc. No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 14, 2016         s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge